# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN A. WARREN,

        Petitioner,                  Case Number: 07-CV-12778

v.                                             HON. LAWRENCE P. ZATKOFF

RAYMOND D. BOOKER,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Brian A. Warren, a state prisoner confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1992 guilty plea conviction for driving with a suspended license. For the reasons stated, the Court dismisses the habeas petition without prejudice for failure to exhaust state court remedies.

I.

Petitioner states that he pleaded guilty to driving with a suspended license on July 20, 1992, in the Calhoun County Circuit Court. Petitioner did not pursue an appeal of this conviction in the state courts. He also has not filed any other actions in state court challenging this conviction. *See* Petition, pp. 1-3. Petitioner states that this conviction was used to enhance sentences that he is currently serving.

In his petition, he asserts that he was deprived of his Sixth Amendment right to appeal and to the appointment of appellate counsel due to indigence because the state court did not inform him of those rights at the time of his plea and sentence. *See* Petition, p. 4.

II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. He admits that he has not presented his habeas claim to the state courts. Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

Petitioner asserts that the exhaustion requirement should be excused because the state courts did not provide him a direct appeal with appellate counsel. Any failure of the state trial court to inform Petitioner of his appellate rights and/or appoint counsel on direct appeal does not excuse Petitioner from exhausting his habeas claim in the state courts before seeking federal habeas review. *See* Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (petitioner failed to exhaust state

remedies on claim involving denial of appellate counsel and he could pursue the issue by filing a new state court petition or by seeking state post-conviction relief); Reynolds v. Lockhart, 497 F.2d 314, 316-317 (8th Cir. 1974) (petitioner failed to exhaust state remedies regarding denial of appellate counsel where claim had not been presented to the state courts in post-conviction proceedings); *see also* Pillette v. Foltz, 824 F.2d 494, 498 (6th Cir. 1987) (exhaustion not excused as futile merely because state trial court rejected petitioner's request for appointment of counsel where there was no indication that petitioner had previously filed for post-conviction relief or that state court would refuse to consider such a motion); In Re Joiner, 58 F.3d 143, 144 (5th Cir. 1995) (exhaustion not excused based upon state court's refusal to appoint counsel for petitioner in state habeas case or petitioner's alleged inability to effectively advocate *pro se*; petitioner was required to make an effort to exhaust state remedies on his own). Furthermore, there is no constitutional right to counsel in state collateral proceedings. *See* Coleman v. Thompson, 501 U.S. 722, 752-53 (1991); Abdus-Samad v. Bell, 420 F.3d 614, 632 (6th Cir. 2005).

## III.

The Court concludes that Petitioner has failed to exhaust state court remedies as to the claim presented in his federal habeas petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 6, 2007.

                                          s/Marie E. Verlinde  
                                          Case Manager  
                                          (810) 984-3290